

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>A CHICAGO CONVENTION CENTER, LLC, ANSHOO SETHI, and INTERCONTINENTAL REGIONAL CENTER TRUST OF CHICAGO, LLC<br><br>Defendants. | 13cv982 |

[PROPOSED] ORDER FOR TEMPORARY RESTRAINING ORDER
AND OTHER EMERGENCY RELIEF

This cause coming to be heard before me, the undersigned United States District Judge, on February 6, 2012, on Plaintiff Securities and Exchange Commission's ("SEC") *Ex Parte* Motion for Temporary Restraining Order, Asset Freeze, and Other Relief ("TRO Motion") against Defendants A Chicago Convention Center, LLC, Anshoo Sethi, and Intercontinental Regional Center Trust of Chicago, LLC (collectively, "Defendants"), the Court having considered the SEC's Complaint, the TRO Motion, the supporting memorandum of law, the exhibits and declarations submitted in support of the TRO Motion, this Court finds as follows:

A. This Court has jurisdiction over the subject matter of this case, there is good cause to believe it will have jurisdiction over Defendants, venue properly lies in this District and the SEC is a proper party to bring this action seeking the relief sought in the SEC's Complaint.

1

B. The SEC has made a sufficient and proper showing and there is good cause to believe that the SEC will ultimately succeed in establishing that Defendants have engaged and are likely to engage in transactions, practices and courses of business that violate Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)].

C. The SEC has made a sufficient and proper showing and there is good cause to believe that the SEC will ultimately succeed in establishing that Defendants have engaged and are likely to engage in transactions, practices and courses of business that violate Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 [17 C.F.R. §§ 240.10b-5] thereunder.

D. There is good cause to believe that Defendants will continue to engage in such transactions, acts, practices and courses of business and in such violations unless immediately restrained and enjoined by order of this Court, and that any illicit gains may be dissipated and documents may be destroyed.

E. There is good cause to believe that, unless restrained and enjoined, Defendants will dissipate, conceal, or transfer from the jurisdiction of this Court, assets which could be subject to an order directing payment of disgorgement or civil money penalties in this action. It is appropriate for the Court to issue this Temporary Restraining Order *ex parte* so that prompt service on appropriate financial institutions can be made, thus preventing dissipation of assets.

F. There is good cause to believe that an asset freeze is appropriate.

G. There is good cause to believe that an accounting is appropriate.

H. There is good cause to believe that it is necessary to preserve and maintain the business records of Defendants from destruction.

I. There is good cause to believe that expedited discovery is appropriate.

J.      There is good cause to believe that such other and further relief as contained in this Order is necessary and appropriate.

K.      Therefore, the SEC motion is GRANTED.

**IT IS THEREFORE ORDERED:**

A.      **VIOLATION OF SECTION 17(A) OF THE SECURITIES ACT OF 1933**

IT IS HEREBY ORDERED that Defendants and each of their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, are temporarily restrained and enjoined from violating Section 17(a) of the Securities Act, in the offer or sale of any security, by using any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

1.      to employ any device, scheme, or artifice to defraud;

2.      to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or,

3.      to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

B.      **VIOLATION OF SECTION 10(B) OF THE SECURITIES EXCHANGE ACT OF 1934 AND RULE 10B-5 THEREUNDER**

IT IS HEREBY FURTHER ORDERED that Defendants, and each of their agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, be and hereby are

temporarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of securities, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange:

1. employing any device, scheme or artifice to defraud;

2. making any untrue statement of material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

3. engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

## C. TEMPORARY RESTRAINT FROM FURTHER MARKETING

IT IS HEREBY FURTHER ORDERED that each of the Defendants, their officers, agents, servants, employees, attorneys and those persons in active concert or participation with defendants who receive actual notice of the Order, by personal service or otherwise, and each of them, is temporarily restrained and enjoined from, directly or indirectly, (a) marketing or offering for sale to investors Limited Liability Company interests in ACCC; or (b) any other investments pursuant to the A Chicago Convention Center Private Offering Memorandum.

## D. REPATRIATION

IT IS HEREBY FURTHER ORDERED that Defendants, within seven (7) days of entry of this Order, shall repatriate, and take such steps as are necessary to repatriate, to the territory of the United States of America, any and all assets and funds, held by or in the name of Anshoo R. Sethi, ACCC or IRCTC, or in which any of them, directly or indirectly, has or had any beneficial

interest, or over which any of them maintained or maintains and/or exercised or exercises control, including but not limited to any and all assets and funds:

1. Held in foreign bank, brokerage, or other financial accounts;

2. Transferred out of the United States from any account within the territory of the United States at any point from November 28, 2011 to the present.

IT IS HEREBY FURTHER ORDERED that each of Defendants shall provide to this Court and to the SEC, within ten (10) calendar days of entry of this Order, a written description of all funds and assets required to be repatriated and the status and location of such funds and assets.

### E. ALTERNATIVE MEANS OF SERVICE OF PROCESS

IT IS HEREBY FURTHER ORDERED that notice of this Order, or any other Orders of the Court or Notices required to be issued by the SEC, may be accomplished by delivery of a copy of the Order or Notice by first class mail, overnight delivery, international express mail, facsimile, electronic mail, or personally, by agents or employees of the SEC, (i) upon any Defendant or any of their respective affiliates, attorneys or known agents; and (ii) upon any bank, saving and loan institution, credit union, financial institution, transfer agent, broker-dealer, investment company, title company, commodity trading company, storage company, or any other person, partnership, corporation, or legal entity that may be subject to any provision of this Order.

IT IS HEREBY FURTHER ORDERED that service of pleadings governed by Rule 4 of the Federal Rules of Civil Procedure, including service of the summons and Complaint, may be made personally, by facsimile, by email, by overnight courier, or by mail upon each Defendant, his or her attorney, his or her U.S. agents, and any of their respective affiliates, to the extent permitted by law, by representatives of the SEC, representatives of the United States Postal

Service, federal marshals, any other qualified person over the age of 21 years, or by an alternative provision for service permitted by Rule 4 of the Federal Rules of Civil Procedure, or as this Court may direct by further order.

F.  **ORDER PROHIBITING DESTRUCTION OF RECORDS**

IT IS HEREBY FURTHER ORDERED, pursuant to this Court's authority under Rule 26(c)(1)(B), that Defendants and all of their agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any of them, are restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any of the books, records, documents, correspondence, ledgers, accounts, financial transactions, statements, electronic files, computers, or any other property or data of any kind, and wherever located or stored, pertaining in any way to any matter described in the Complaint, or any amendment thereto, filed by the SEC.

G.  **EXPEDITED DISCOVERY**

IT IS HEREBY FURTHER ORDERED, that in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34 ,36 and 45 of the Federal Rules of Civil Procedure, and the Local Rules of this Court, and pursuant to this Court's authority under Rule 34(b), 30(a) and 33(a), that discovery will proceed on the following expedited basis: (i) the Commission is authorized to take depositions upon oral examination subject to three days' notice pursuant to Rule 30(a) of the Federal Rules of Civil Procedure; (ii) all depositions in this action, unless properly noticed to take place elsewhere, shall be taken within the United States; (iii) Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, defendants shall answer the Commission's written discovery, including interrogatories and requests for production, within three days of service of such discovery; (iv) pursuant to Rule 34(b) of the Federal Rules of Civil

Procedure, defendants shall produce all documents requested by the Commission within three days of service of such request; and (v) all written responses to the Commission's discovery requests shall be delivered to the Commission at 100 F Street, N.E., Washington, D.C. 20549, to the attention of Patrick M. Bryan, Assistant Chief Litigation Counsel, or such other place as counsel for the Commission may direct in writing, by overnight delivery.

**H.     ACCOUNTING**

IT IS HEREBY FURTHER ORDERED that, within five (5) calendar days of the issuance of this Order, each of the Defendants shall each make a sworn accounting to this Court in the manner set forth below. The sworn accounting shall cover the period from November 28, 2011 to the present.

1. For all assets obtained from or held for the benefit of any investor, including principal amounts invested and administrative or other fees received from investors, identify:

    i. All sums received from investors and the accounts where assets are maintained by the name and location of the financial institution, the name on the account, the account number and contact information for inquiries regarding the account.

    ii. If assets for multiple investors are commingled in a single account, identify the interest of each investor in the account.

    iii. For any real assets, identify the real asset by name and location, the manager of the asset and contact information for inquiries regarding the asset.

      iv.    Produce the most recent account statement for any assets identified above.

2.    The sworn accounting shall include, for the assets identified, a breakdown of the beneficial interest of each investor in the assets identified.

3.    For each Defendant, the sworn accounting shall further reflect all of his or its assets and liabilities, wherever such assets and liabilities are located. For each such asset and liability, the accounting shall include: (1) a description of the asset or liability; (2) the amount or value or the asset or liability; (3) the location of the asset or liability, including when appropriate the name and address of the bank or other financial institution in which the asset or liability is located, the account name, and the account number; (4) the date the asset was acquired or the date the liability was incurred; and (5) whether the asset is encumbered and, if so, the nature of the encumbrance, including the identity of the creditor or lien-holder.

## I.   ORDER FOR PRELIMINARY INJUNCTION HEARING

IT IS HEREBY FURTHER ORDERED that the SEC's TRO Motion is also deemed to be a motion for a preliminary injunction order, and that the SEC is not required to file or serve a separate motion for a preliminary injunction in order to seek the entry of such preliminary relief pursuant to Fed. R. Civ. P. 65.

IT IS HEREBY FURTHER ORDERED that the Court will consider all materials filed by the SEC in connection with its TRO Motion to have been filed in connection with the SEC's motion for a preliminary injunction hearing. The SEC shall be permitted, but is not required, to file a supplemental brief and supporting exhibits in advance of any preliminary injunction hearing.

IT IS HEREBY FURTHER ORDERED that the Defendants shall serve, by the most expeditious means possible, including facsimile, any papers in opposition to the SEC's Motion for

against them, pursuant to Rule 65 of the Federal Rules of Civil Procedure, extending the temporary relief granted in this Order pending a final adjudication on the merits.

IT IS HEREBY FURTHER ORDERED that this Order shall expire 11:59 P.M. on February 20, 2013, unless otherwise ordered by this Court.

**SO ORDERED:**

Dated: February 6, 2013        JUDGE: _____
                                      United States District Court Judge



# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION ) ) ) Plaintiff, ) ) v. ) ) A CHICAGO CONVENTION CENTER, ) LLC, ANSHOO SETHI, and ) INTERCONTINENTAL REGIONAL ) CENTER TRUST OF CHICAGO, LLC ) ) Defendants. ) ) | 13cv982 |

## [PROPOSED] ORDER FOR TEMPORARY RESTRAINING ORDER AND OTHER EMERGENCY RELIEF

This cause coming to be heard before me, the undersigned United States District Judge, on February 6, 2012, on Plaintiff Securities and Exchange Commission's ("SEC") *Ex Parte* Motion for Temporary Restraining Order, Asset Freeze, and Other Relief ("TRO Motion") against Defendants A Chicago Convention Center, LLC, Anshoo Sethi, and Intercontinental Regional Center Trust of Chicago, LLC (collectively, "Defendants"), the Court having considered the SEC's Complaint, the TRO Motion, the supporting memorandum of law, the exhibits and declarations submitted in support of the TRO Motion, this Court finds as follows:

A. This Court has jurisdiction over the subject matter of this case, there is good cause to believe it will have jurisdiction over Defendants, venue properly lies in this District and the SEC is a proper party to bring this action seeking the relief sought in the SEC's Complaint.

1

B. The SEC has made a sufficient and proper showing and there is good cause to believe that the SEC will ultimately succeed in establishing that Defendants have engaged and are likely to engage in transactions, practices and courses of business that violate Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)].

C. The SEC has made a sufficient and proper showing and there is good cause to believe that the SEC will ultimately succeed in establishing that Defendants have engaged and are likely to engage in transactions, practices and courses of business that violate Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 [17 C.F.R. §§ 240.10b-5] thereunder.

D. There is good cause to believe that Defendants will continue to engage in such transactions, acts, practices and courses of business and in such violations unless immediately restrained and enjoined by order of this Court, and that any illicit gains may be dissipated and documents may be destroyed.

E. There is good cause to believe that, unless restrained and enjoined, Defendants will dissipate, conceal, or transfer from the jurisdiction of this Court, assets which could be subject to an order directing payment of disgorgement or civil money penalties in this action. It is appropriate for the Court to issue this Temporary Restraining Order *ex parte* so that prompt service on appropriate financial institutions can be made, thus preventing dissipation of assets.

F. There is good cause to believe that an asset freeze is appropriate.

G. There is good cause to believe that an accounting is appropriate.

H. There is good cause to believe that it is necessary to preserve and maintain the business records of Defendants from destruction.

I. There is good cause to believe that expedited discovery is appropriate.

J.     There is good cause to believe that such other and further relief as contained in this Order is necessary and appropriate.

K.     Therefore, the SEC motion is GRANTED.

**IT IS THEREFORE ORDERED:**

A.     **VIOLATION OF SECTION 17(A) OF THE SECURITIES ACT OF 1933**

IT IS HEREBY ORDERED that Defendants and each of their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, are temporarily restrained and enjoined from violating Section 17(a) of the Securities Act, in the offer or sale of any security, by using any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

1.     to employ any device, scheme, or artifice to defraud;

2.     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or,

3.     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

B.     **VIOLATION OF SECTION 10(B) OF THE SECURITIES EXCHANGE ACT OF 1934 AND RULE 10B-5 THEREUNDER**

IT IS HEREBY FURTHER ORDERED that Defendants, and each of their agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, be and hereby are

temporarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of securities, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange:

1. employing any device, scheme or artifice to defraud;

2. making any untrue statement of material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

3. engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

### C. TEMPORARY RESTRAINT FROM FURTHER MARKETING

IT IS HEREBY FURTHER ORDERED that each of the Defendants, their officers, agents, servants, employees, attorneys and those persons in active concert or participation with defendants who receive actual notice of the Order, by personal service or otherwise, and each of them, is temporarily restrained and enjoined from, directly or indirectly, (a) marketing or offering for sale to investors Limited Liability Company interests in ACCC; or (b) any other investments pursuant to the A Chicago Convention Center Private Offering Memorandum.

### D. REPATRIATION

IT IS HEREBY FURTHER ORDERED that Defendants, within seven (7) days of entry of this Order, shall repatriate, and take such steps as are necessary to repatriate, to the territory of the United States of America, any and all assets and funds, held by or in the name of Anshoo R. Sethi, ACCC or IRCTC, or in which any of them, directly or indirectly, has or had any beneficial

interest, or over which any of them maintained or maintains and/or exercised or exercises control, including but not limited to any and all assets and funds:

1. Held in foreign bank, brokerage, or other financial accounts;

2. Transferred out of the United States from any account within the territory of the United States at any point from November 28, 2011 to the present.

IT IS HEREBY FURTHER ORDERED that each of Defendants shall provide to this Court and to the SEC, within ten (10) calendar days of entry of this Order, a written description of all funds and assets required to be repatriated and the status and location of such funds and assets.

E.  **ALTERNATIVE MEANS OF SERVICE OF PROCESS**

IT IS HEREBY FURTHER ORDERED that notice of this Order, or any other Orders of the Court or Notices required to be issued by the SEC, may be accomplished by delivery of a copy of the Order or Notice by first class mail, overnight delivery, international express mail, facsimile, electronic mail, or personally, by agents or employees of the SEC, (i) upon any Defendant or any of their respective affiliates, attorneys or known agents; and (ii) upon any bank, saving and loan institution, credit union, financial institution, transfer agent, broker-dealer, investment company, title company, commodity trading company, storage company, or any other person, partnership, corporation, or legal entity that may be subject to any provision of this Order.

IT IS HEREBY FURTHER ORDERED that service of pleadings governed by Rule 4 of the Federal Rules of Civil Procedure, including service of the summons and Complaint, may be made personally, by facsimile, by email, by overnight courier, or by mail upon each Defendant, his or her attorney, his or her U.S. agents, and any of their respective affiliates, to the extent permitted by law, by representatives of the SEC, representatives of the United States Postal

Service, federal marshals, any other qualified person over the age of 21 years, or by an alternative provision for service permitted by Rule 4 of the Federal Rules of Civil Procedure, or as this Court may direct by further order.

## F.   ORDER PROHIBITING DESTRUCTION OF RECORDS

IT IS HEREBY FURTHER ORDERED, pursuant to this Court's authority under Rule 26(c)(1)(B), that Defendants and all of their agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any of them, are restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any of the books, records, documents, correspondence, ledgers, accounts, financial transactions, statements, electronic files, computers, or any other property or data of any kind, and wherever located or stored, pertaining in any way to any matter described in the Complaint, or any amendment thereto, filed by the SEC.

## G.   EXPEDITED DISCOVERY

IT IS HEREBY FURTHER ORDERED, that in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34 ,36 and 45 of the Federal Rules of Civil Procedure, and the Local Rules of this Court, and pursuant to this Court's authority under Rule 34(b), 30(a) and 33(a), that discovery will proceed on the following expedited basis: (i) the Commission is authorized to take depositions upon oral examination subject to three days' notice pursuant to Rule 30(a) of the Federal Rules of Civil Procedure; (ii) all depositions in this action, unless properly noticed to take place elsewhere, shall be taken within the United States; (iii) Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, defendants shall answer the Commission's written discovery, including interrogatories and requests for production, within three days of service of such discovery; (iv) pursuant to Rule 34(b) of the Federal Rules of Civil

Procedure, defendants shall produce all documents requested by the Commission within three days of service of such request; and (v) all written responses to the Commission's discovery requests shall be delivered to the Commission at 100 F Street, N.E., Washington, D.C. 20549, to the attention of Patrick M. Bryan, Assistant Chief Litigation Counsel, or such other place as counsel for the Commission may direct in writing, by overnight delivery.

**H.     ACCOUNTING**

IT IS HEREBY FURTHER ORDERED that, within five (5) calendar days of the issuance of this Order, each of the Defendants shall each make a sworn accounting to this Court in the manner set forth below. The sworn accounting shall cover the period from November 28, 2011 to the present.

1. For all assets obtained from or held for the benefit of any investor, including principal amounts invested and administrative or other fees received from investors, identify:

   i. All sums received from investors and the accounts where assets are maintained by the name and location of the financial institution, the name on the account, the account number and contact information for inquiries regarding the account.

   ii. If assets for multiple investors are commingled in a single account, identify the interest of each investor in the account.

   iii. For any real assets, identify the real asset by name and location, the manager of the asset and contact information for inquiries regarding the asset.

7

    iv. Produce the most recent account statement for any assets identified above.

 2. The sworn accounting shall include, for the assets identified, a breakdown of the beneficial interest of each investor in the assets identified.

 3. For each Defendant, the sworn accounting shall further reflect all of his or its assets and liabilities, wherever such assets and liabilities are located. For each such asset and liability, the accounting shall include: (1) a description of the asset or liability; (2) the amount or value or the asset or liability; (3) the location of the asset or liability, including when appropriate the name and address of the bank or other financial institution in which the asset or liability is located, the account name, and the account number; (4) the date the asset was acquired or the date the liability was incurred; and (5) whether the asset is encumbered and, if so, the nature of the encumbrance, including the identity of the creditor or lien-holder.

**I. ORDER FOR PRELIMINARY INJUNCTION HEARING**

IT IS HEREBY FURTHER ORDERED that the SEC's TRO Motion is also deemed to be a motion for a preliminary injunction order, and that the SEC is not required to file or serve a separate motion for a preliminary injunction in order to seek the entry of such preliminary relief pursuant to Fed. R. Civ. P. 65.

IT IS HEREBY FURTHER ORDERED that the Court will consider all materials filed by the SEC in connection with its TRO Motion to have been filed in connection with the SEC's motion for a preliminary injunction hearing. The SEC shall be permitted, but is not required, to file a supplemental brief and supporting exhibits in advance of any preliminary injunction hearing.

IT IS HEREBY FURTHER ORDERED that the Defendants shall serve, by the most expeditious means possible, including facsimile, any papers in opposition to the SEC's Motion for

Preliminary Injunction and for other relief no later than four (4) days before any scheduled preliminary injunction hearing.

**J.     OTHER RELIEF**

IT IS HEREBY FURTHER ORDERED, that the United States Marshall in any district in which any Defendant resides, transacts business or may be found is authorized and directed to make service of process upon any Defendant at the request of the SEC.

IT IS HEREBY FURTHER ORDERED that this Court shall retain jurisdiction of this matter for all purposes.

IT IS HEREBY FURTHER ORDERED that pursuant to Federal Rule of Civil Procedure 65(c), no security is required of the SEC.

**K.     PRESERVATION OF RIGHTS AND PRIVILEGES**

IT IS HEREBY FURTHER ORDERED that nothing in this Order shall be construed to require that any Defendant abandon or waive any constitutional or other legal privilege which he may have available to him including his Fifth Amendment privilege against self-incrimination. In turn, nothing in Order shall prevent the SEC from opposing or challenging any assertion by any Defendant of any Fifth Amendment privilege against self-incrimination, or any other constitutional or other legal privilege.

**L.     DURATION OF ORDER AND PRELIMINARY INJUNCTION HEARING DATE**

IT IS HEREBY FURTHER ORDERED that any of the Defendants wishing to be heard on this matter appear in this Court, on the SEC's Motion for Preliminary Injunction, before the Honorable Judge _Amy St. Eve_ at _9:00_ a.m., on _2/20/2013_, 2013, in Courtroom _1241_, or such other time and date as the Court may order, to show cause, if there be any, why this Court should not enter a preliminary injunction and order preliminary relief

9

against them, pursuant to Rule 65 of the Federal Rules of Civil Procedure, extending the temporary relief granted in this Order pending a final adjudication on the merits.

IT IS HEREBY FURTHER ORDERED that this Order shall expire 11:59 P.M. on February 20, 2013, unless otherwise ordered by this Court.

**SO ORDERED:**

Dated: February 6, 2013          JUDGE: _____
                                        United States District Court Judge