UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>A CHICAGO CONVENTION CENTER, LLC, ANSHOO SETHI, and INTERCONTINENTAL REGIONAL CENTER TRUST OF CHICAGO, LLC<br><br>Defendants. | 13cv982 |

## [PROPOSED] ASSET FREEZE ORDER

This matter coming to be heard on Plaintiff Securities and Exchange Commission's ("SEC") *Ex Parte* Motion for Temporary Restraining Order, Asset Freeze, and Other Relief ("TRO Motion") against Defendants A Chicago Convention Center, LLC, Anshoo Sethi, and Intercontinental Regional Center Trust of Chicago, LLC, (collectively, "Defendants"), the Court having considered the Commission's Complaint, the TRO Motion, the supporting memorandum of law, the exhibits and declarations submitted in support of the TRO Motion, and the Court being advised of such in the premises, this Court finds as follows:

A. This Court has jurisdiction over the subject matter of this case and there is good cause to believe it will have jurisdiction over the Defendants, and the SEC is a proper party to bring this action seeking the relief sought in the SEC's Complaint.

B. The SEC has made a sufficient and proper showing and there is good cause to believe that the SEC will ultimately succeed in establishing that Defendants have engaged and

1

are likely to engage in transactions, practices and courses of business that violate the federal securities laws, as alleged in the Complaint, including Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)]; Section10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 [17 C.F.R. §§ 240.10b-5] thereunder.

C. The Defendants have obtained money or property from investors as a result of the securities laws violations alleged in the Complaint.

D. There is good cause to believe that, unless restrained and enjoined, the Defendants will dissipate, conceal, or transfer from the jurisdiction of this Court, assets which could be subject to an order of disgorgement pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)].

E. An order freezing assets in necessary to preserve the *status quo* and to protect this Court's ability to award equitable relief for the benefit of any investors who may have been harmed by the Defendants' conduct.

F. Accordingly, the Court Orders as follows:

**IT IS THEREFORE ORDERED:**

### I.

A. All funds and other assets of Defendants that are located within the territory of the United States, and all funds and other assets held, managed or controlled, whether directly or indirectly, by Defendants, wherever located, are hereby frozen, including, but not limited to all such funds and other assets held at SunTrust Bank (including those accounts ending in -4261 and -2231), Cathay Bank and Pacific Global Bank.

B. Defendants and their agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of

them, who receive actual notice of this Order or of the terms of the asset freeze provisions contained herein, by personal service, mail, facsimile transmission, email, or otherwise, are hereby restrained from, directly or indirectly, transferring, selling, encumbering, receiving, concealing, changing, pledging, assigning, liquidating, incurring debt upon, or otherwise disposing of, or withdrawing, any funds, assets or other property (including money, real or personal property, securities, chose in action or any other form of asset or property of any kind whatsoever) any assets or other property described in paragraph A of this Section I, which includes, but is not limited to, any and all accounts in the name of any one or more of the Defendants at any financial institution within the territory of the United States, and any and all accounts at any financial institution outside the territory of the United States in which any of the Defendants has signatory authority or a beneficial interest, or which any Defendant directly or indirectly controls, owns or manages.

## II.

**IT IS FURTHER ORDERED** that any bank, financial or brokerage institution or other person or entity holding any such funds or other assets referred to in Section I of this Order which receives actual notice of this Order or of the terms of the asset freeze provisions contained herein, by personal service, mail, facsimile transmission, email or otherwise, shall hold and retain within its control and prohibit the withdrawal, removal, transfer, disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of any such funds or other assets.

### III.

IT IS FURTHER ORDERED that this Asset Freeze Order shall remain in force until February 20, 2013 at 11:59 ~~5:00~~ p.m., unless otherwise ordered by this Court or, subject to Court approval, extended or modified by the agreement of the parties.

### IV.

IT IS FURTHER ORDERED that service of any notices or other documents required or permitted by this order may be accomplished by any means, including, but not limited to fax, email, overnight courier, personal delivery, or U.S. mail.

### V.

IT IS FURTHER ORDERED that nothing in this Asset Freeze Order shall be construed to require Defendants to abandon or waive any constitutional or other legal privilege they may have available to them.

**SO ORDERED:**

Dated: February 6, 2013        JUDGE: _Amy St. E_
                                        US District Court Judge