UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION<br><br>    Plaintiff,<br><br>v.<br><br>A CHICAGO CONVENTION CENTER, LLC, ANSHOO SETHI, and INTERCONTINENTAL REGIONAL CENTER TRUST OF CHICAGO, LLC<br><br>    Defendants. | Civil Action No. 13-cv-982<br><br>Honorable Judge Amy J. St. Eve |

**SECURITIES AND EXCHANGE COMMISSION'S MOTION TO MODIFY THE COURT'S ASSET FREEZE ORDER TO DIRECT THE ESCROW AGENT, SUNTRUST BANK, TO RETURN ESCROWED FUNDS TO INVESTORS**

Plaintiff United States Securities and Exchange Commission ("Plaintiff" or "SEC") hereby moves to Modify The Court's Asset Freeze Order [Dkt. #27] And to Direct The Escrow Agent, SunTrust Bank, to Return Escrowed Funds to Investors. In support of its motion has submitted a proposed order as Exhibit A hereto. In further support of its motion, the SEC has submitted contemporaneously herewith a supporting memorandum of law and accompanying exhibits.

**WHEREFORE**, for the reasons stated in the SEC's supporting memorandum of law, Plaintiff respectfully requests that the Court grant its motion and grant the relief requested in the attached proposed order.

1

Dated: March 28, 2013

          Respectfully submitted,

          **UNITED STATES SECURITIES
AND EXCHANGE COMMISSION**

          */s/ Patrick M. Bryan*
Patrick M. Bryan (IL Bar No. 6277194)
U.S. Securities & Exchange Commission
100 F Street, NE
Washington, DC 20549
Telephone: (202) 551-4420
BryanP@sec.gov

Charles J. Felker
Adam J. Eisner
Mika M. Donlon
U.S. Securities & Exchange Commission
100 F Street, NE
Washington, DC 20549
FelkerC@sec.gov
EisnerA@sec.gov
DonlonM@sec.gov

*Attorneys for Plaintiff*

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES <br> AND EXCHANGE COMMISSION <br> <br> Plaintiff, <br> <br> v. <br> <br> A CHICAGO CONVENTION CENTER, <br> LLC, ANSHOO SETHI, and <br> INTERCONTINENTAL REGIONAL <br> CENTER TRUST OF CHICAGO, LLC <br> <br> Defendants. | Civil Action No. 13-cv-982 <br> <br> Honorable Judge Amy J. St. Eve |

**ORDER MODIFYING THE COURT'S ASSET FREEZE ORDER [DKT. #27] AND DIRECTING SUNTRUST BANK TO RETURN ESCROWED FUNDS TO INVESTORS**

This cause is before the Court on the Plaintiff United States Securities and Exchange Commission's ("SEC's"), Motion to Modify the Court's Asset Freeze Order [Dkt. #27] and Directing SunTrust Bank to Return Escrowed Funds to Investors. The Court has reviewed the SEC's Motion and attachments thereto, being duly advised in the premises, this Court finds as follows:

1. The Court has subject matter jurisdiction over this civil enforcement action and personal jurisdiction over the Defendants;

2. On February 20, 2013, the Court entered an order on the SEC's motion for preliminary injunction and asset freeze [Dkt. #27] which provided:

> All funds and other assets of Defendants that are located within the territory of the United States, and all funds and other assets held, managed or controlled, whether directly or indirectly, by Defendants, wherever located, are hereby frozen, including, but not limited to all such funds and

    other assets held at SunTrust Bank (including those accounts ending in -4261 and -2231, and -0659, Cathay Bank, and Pacific Global Bank).

  3. Under the terms of Defendants' offering to investors, investors wired $500,000 apiece from their overseas banking accounts to U.S.-based escrow accounts administered by SunTrust Bank ("SunTrust"). Since November 2011, investors in Defendants securities offering have wired a total of $147,105,946.03 to SunTrust escrow accounts (accounts ending in -4261 and -2231) in the U.S. These investor funds are subject to the Court's February 20, 2013 asset freeze order.

  4. The Defendants' Offering Memorandum and subscription agreements executed by each investor provide that the escrow agent, SunTrust, would return all amounts held in escrow (without interest) if, among other reasons, the Defendants' offering is terminated.

  5. As a result of the SEC's action, Defendants have terminated the offering.

  6. There is good cause to modify the Court's February 20, 2013 asset freeze order to permit the prompt payment to investors' of their principal investments in Defendants' securities offering, which have been collected in the frozen escrow accounts.

  7. Therefore, the SEC's Motion is GRANTED.

**IT IS THEREFORE ORDERED:**

  8. The Court's February 20, 2013 asset freeze order shall remain in full force and effect except as expressly provided herein.

  9. The Court's February 20, 2013 asset freeze order is hereby modified to permit the Escrow Agent, SunTrust, to return "all Subscription Proceeds received from Subscribers" as those terms are defined in the Subscription Escrow Agreement.

  10. The Escrow Agent, SunTrust, is ordered to return to the Subscriber the Subscription Agreement (if in the Escrow Agent's possession) and the Subscription Proceeds

tendered therewith, without deduction or payment of interest via wire transfer or, if necessary, via other reasonable means, as provided for in Section 3 of the Subscription Escrow Agreements.

11. In exchange for performing the services specified in Paragraph 10 of this Order, the Escrow Agent, SunTrust, may charge Defendants no more than the amounts stated in the Escrow Subscription Agreements and any out-of-pocket expenses shall be billed at cost. These expenses may be deducted by SunTrust from Defendants' administrative (non-escrow) account ending in –0659 held at and administered by SunTrust.

12. Except as expressly provided in Paragraph 13, nothing in this Order shall be construed as imposing any right or obligation upon any person or entity beyond those rights and obligations set forth in the Subscription Escrow Agreement. Nothing in this Order shall be construed as modifying Section 6 of the Subscription Escrow Agreements.

13. Within thirty (30) days after entry of this Order, SunTrust shall provide the SEC with an accounting of all investor subscription amounts wired to investors, in a format to be provided by the SEC or agreed to among SunTrust and the SEC. Such an accounting shall inform the SEC of the activities and status of the distribution to investors, and shall specify, at a minimum, the identities of investors, the amount(s) wired to each investor, and the identity of any investor to whom SunTrust has been unable return Subscription Proceeds as of the date of the report. SunTrust shall continue to make period accountings to the SEC until such time as all investor subscription amounts are paid to investors.

14. The Court shall retain exclusive jurisdiction over all claims arising in connection with this Order.

**IT IS SO ORDERED.**

Dated: _____, 2013     _____
                                                                               Judge Amy J. St. Eve
                                                                               United States District Judge

## CERTIFICATE OF SERVICE

    I, Patrick M. Bryan, hereby certify that the foregoing Plaintiff Securities And Exchange Commission's Motion to Modify The Court's Asset Freeze Order And to Direct The Escrow Agent, SunTrust Bank, to Return Escrowed Funds to Investors and attached proposed order were served on all counsel of record on March 28, 2013 via the Court's ECF system.

                                                                         */s/ Patrick M. Bryan*  
                                                                         Patrick M. Bryan