IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:13-CV-00982 |
| v. | ) ) ) | Judge St. Eve |
| A CHICAGO CONVENTION CENTER, LLC, ANSHOO SETHI, and INTERCONTINENTAL REGIONAL CENTER TRUST OF CHICAGO, LLC, | ) ) ) ) ) | |
| Defendants. | ) | |

**AGREED ORDER REGARDING**
**MODIFICATION OF ASSET FREEZE ORDER**

This matter is before the Court on Defendant A Chicago Convention Center, LLC's ("ACCC") *Unopposed Motion to Modify the Asset Freeze Order*. Being fully advised in the premises, this Court hereby finds as follows:

1. The property located at 8201 W. Higgins Road, Chicago, Illinois 60631 (the "Property") was the intended location for the development project at issue in this litigation.

2. Title for the Property is currently held by ACCC.

3. The Property is therefore subject to the Court's February 20, 2013 Asset Freeze Order, Dkt. No. 27.

4. Despite the fact that the project itself will not proceed, the Property is a potential asset that can be used to return funds to investors.

**IT IS THEREFORE ORDERED:**

5. The Court's February 20, 2013 Asset Freeze Order is clarified and modified as follows.

6. The Court's February 20, 2013 Asset Freeze Order does not create any lien on the Property, nor does it otherwise affect the priority of any pre-existing or subsequent lien(s) on the Property.

7. ACCC, through whatever agent(s) it appoints (subject to the restrictions provided in this Order), is permitted to engage in the refinance of the Property and/or a public sale of the Property.

8. To the extent ACCC pursues a sale of the Property, the Property shall be listed publicly on a multiple listing service (such as Metropolitan Regional Information Systems) or a commercially equivalent computerized real estate listing service. In addition to the foregoing, ACCC's agents shall be permitted to market the Property as they see fit consistent with paragraph 10 of this Order.

9. The Plaintiff Securities and Exchange Commission ("SEC") shall have a right to object to the terms of any proposed refinancing or sale of the Property.

10. Sale of the Property cannot be made to any person or entity related to or associated with Defendants. To the extent that Defendants retain a broker or agent to assist in the sale or refinance of the Property, such broker or agent shall not be associated with or related to the Defendants. Defendants may not have any financial, equity or other pecuniary interest in any agent, broker, lender, or buyer of the Property.

11. Any proposed contract to buy or sell the Property must contain a provision whereby any proceeds ACCC derives from the sale of the Property are applied as follows: first, to satisfy the mortgage loan ending in *7901 held by Cathay Bank originally in the amount of six million dollars ($6,000,000.00); and second, any and all remaining funds shall be deposited into the frozen account ACCC maintains with Cathay Bank, account number ending in *4874.

Further handling of those frozen funds shall occur only upon further order of Court.

12. Defendants shall file a motion for approval of the refinance or sale of the Property, which shall include a copy of any proposed refinance or sale contract. No contract to buy or sell the Property shall be enforceable until and unless this Court approves the terms of such transaction. In evaluating a proposed refinance agreement, the primary consideration for the Court will be that Defendants are not deriving any profit from the refinance of the Property. In evaluating a proposed sale transaction, the primary consideration for the Court will be whether the Property is being sold in an arms-length transaction for a fair market price, and that the other provisions of this Order are satisfied.

13. If and when appropriate, the Court shall issue an order formally approving the sale or refinance terms and modifying the February 20, 2013 Asset Freeze Order to the extent necessary or appropriate..

14. The Court shall retain exclusive jurisdiction over all claims arising in connection with this Order.

**IT IS SO ORDERED.**

Dated: June 6, 2013

_____
Amy J. St. Eve
United States District Judge