IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | No. 13 C 982 |
| v. | ) ) | |
| A CHICAGO CONVENTION CENTER, LLC, ANSHOO SEHTI, and INTERCONTINENTAL REGIONAL CENTER TRUST OF CHICAGO, LLC, | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On June 7, 2013, Defendants A Chicago Convention Center, LLC ("ACCC") and Intercontinental Regional Center Trust of Chicago, LLC ("IRCTC") (collectively, the "Corporate Defendants") filed a motion for a protective order under Federal Rule of Civil Procedure ("Rule") 26(c). (R. 98, Prot. Ord. Mot.) "In specific, the Corporate Defendants request that this Court order that they need not respond to the SEC's interrogatories and requests for admission because the sole source of the foregoing discovery is individuals who had asserted their Fifth Amendment privilege against self-incrimination." (R. 100, Mem. at 1.) The Corporate Defendants also seek an order stating that they do not need to produce documents responsive to several of the SEC's document requests "because such documents are not corporate records and/or the sole source of such documents [are] individuals who have asserted their Fifth Amendment privilege against self-incrimination." (*Id.*) On June 25, 2013, the SEC filed a "cross-motion" to compel which "addresses related issues that were not addressed in the Corporate Defendants' protective order motion." (R. 109, Mot. to Comp. at 1, n. 1.) Specifically, the

1

SEC seeks to compel the Corporate Defendants and Defendant Anshoo Sethi to produce responsive documents to the SEC's First and Second Set of Request for Production. (*Id.*) Because the issues presented by these motions overlap, the Court addresses both motions in this Opinion.

## BACKGROUND

The Court assumes familiarity with the factual and procedural background in this case, and incorporates by reference the background detailed in the Court's forthcoming opinion ruling on the Corporate Defendants' motion to dismiss. Pertinent to the pending discovery motions, Defendant Anshoo Sethi and Ravinder Sethi are the managing members of ACCC. Anshoo Sehti, Ravinder Sethi, and Ranjna Sethi are the managing members of IRCTC. Anshoo Sethi is the managing agent for both ACCC and IRCTC and is "the primary representative of each company in their business dealings." (R. 3, Compl. ¶ 18.) According to the SEC, ACCC and IRCTC are alter egos of Anshoo Sethi. (*Id.* ¶ 19.)

## LEGAL STANDARD

The federal discovery rules liberally assist in preparation for trial and settlement of disputes. *See Bond v. Uteras*, 585 F.3d 1061, 1075 (7th Cir. 2009). Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "If the party from whom the documents are requested objects to their production, that party has the burden to show why a discovery request is improper." *John Wiley & Sons, Ltd. v. McDonnell Boehnen Hulbert & Berghoff LLP*, No. 12 C 1446, 2013 WL 505252, at *3 (N.D. Ill. Feb. 12, 2013). With respect to a motion to compel, the Seventh Circuit instructs that "a district court may grant or deny the motion in whole or in part, and similar to ruling on a request for a protective order under Rule 26(c), the district court

may fashion a ruling appropriate for the circumstances of the case." *Gile v. United Air Lines, Inc.*, 95 F.3d 492, 496 (7th Cir. 1996). As with all discovery matters, courts have broad discretion in deciding motions to compel. *See James v. Hyatt Regency Chi.,* 707 F.3d 775, 784 (7th Cir. 2013).

## ANALYSIS

The Corporate Defendants object to some of the SEC's discovery requests – interrogatories, requests for admission, and document requests – claiming that responses would interfere with Anshoo Sethi's and Ravinder Sethi's (collectively, the "Sethis") assertion of their rights under the Fifth Amendment. (Mem. at 2.)

## I. Interrogatories and Requests for Admission

It is undisputed that a collective entity, such as a partnership or corporation, may not assert the Fifth Amendment privilege. *Braswell v. United States*, 487 U.S. 99, 104, 108 S. Ct. 2284, 101 L. Ed. 2d 98 (1988); *see also U.S. v. Insur. Consults. of Knox., Inc.*, 187 F.3d 755, 759 (7th Cir. 1999); (*see* Mem. at 6-7; R. 106, SEC. Resp. at 2-3.) Furthermore, a corporation cannot avoid responding to a discovery request merely by stating that the officer or employee with personal knowledge asserts his Fifth Amendment rights. Rather, if a discovery request served on a corporate entity implicates the Fifth Amendment rights of a corporate officer – as here – the corporate entity has an obligation "to appoint an agent who could, without fear of self-incrimination, furnish such requested information as was available to the corporation." *U.S. v. Kordel*, 397 U.S. 1, 8, 90 S. Ct. 763, 767, 25 L. Ed. 2d 1 (1970) (internal quotation omitted).

The Corporate Defendants argue that the only source of knowledge and information responsive to the objected to interrogatories and requests for admission is one or both of the Sethis, who have both

asserted their Fifth Amendment privilege.[1] (*See, e.g., id*. at 3, 5.) The Corporate Defendants argue, therefore, that, even if they could appoint an agent, only the Sethis could furnish the information responsive to the interrogatories or verify the requests for admission. (*Id*. at 7.) These acts, Defendants contend, would implicate the Sethis' previously and continually invoked Fifth Amendment privilege. (*Id*.)

The SEC does not refute the Corporate Defendants' contention that they have no current officer or employee – besides the Sethis – who can respond to or verify responses to these discovery requests. Rather, the SEC asserts that

> [d]isovery has revealed that the Corporate Defendants operated offices in China and in the United States and *employed* at least seven full-time employees (other than the Sethis) as well as a host of consulting firms, lobbyists, and law firms.

(Resp. at 4 (emphasis added).) The SEC contends that "[s]ome or all of these individuals are surely capable of answering and verifying discovery on behalf of the Corporate Defendants." (*Id*.) According to the Corporate Defendants, these employees and agents whom the SEC references no longer work for them. The SEC offers no legal basis for a former employee or outside firm – over whom the Corporate Defendants have no current authority – serving as an agent for the purpose of responding to interrogatories or requests for admission in a pending lawsuit. At most, the SEC cites the general proposition that an agent appointed to respond to discovery requests need not have "first-hand personal knowledge" of the facts reflected in the discovery responses. (*Id*) (citing *In Re Folding Carton Antitrust Litig*, 76 F.R.D. 417 419 (N.D. Ill. 1977). This argument misses the point, however, that the Corporate Defendants still must have an "agent" – with or without first-hand knowledge – who can respond.

---

[1] ACCC's managing members are the Sethis and IRCTC's managers are the Sethis and Ranjna Sehti, Ravinder Sethi's wife and Anshoo Sethi's mother. (Mem. at 5 (citing Compl. ¶¶ 15-16).) The Corporate Defendants contend that Ranjna Sethi "was listed as a manager for IRCTC when it was formed, but she had no involvement whatsoever with managing IRCTC and has no knowledge regarding the allegations set forth in the Complaint." (*Id*. at 5-6.) According to the Corporate Defendants, "neither ACCC nor IRCTC currently have any officers, directors, employees or agents other than Anshoo Sethi." (*Id*. at 6.)

4

Notably, Rule 33(b), governing answers and objections to interrogatories specifically requires that an "officer or agent" of the corporation respond to interrogatories rather than any person whom the corporation designates, as permitted by Rule 30(b)(6) for deposition purposes. *Compare* Fed. R. Civ. P 33(b) with Fed. R. Civ. P. 30(b)(6). Here, the Corporate Defendants have no current employees or officers who are their agents. The Corporate Defendants could, however, appoint their counsel as their agent. *See, e.g., Central States v. Carstensen Freight Lines, Inc*., No, 96 C 6252, 1998 WL 413490, at *4 (N.D. Ill. July 17,1998); *City of Chi. v. Reliable Truck Parts Co., Inc.*, No 88 C 1458, 1989 WL 32923, at *2 (N.D. Ill. Mar. 31, 1989); *S.E.C. v. Leach,* 156 F. Supp. 2d 491, 498 (E.D. Pa. 2001).

Appointing corporate counsel as an agent does not solve the problem regarding all of the SEC's discovery requests because the Sethis, who have asserted their Fifth Amendment privilege, are the only individuals who can provide the requisite knowledge to respond to and verify certain discovery requests. The SEC contends that the attorney-agent can consult with the Sethis to formulate answers to discovery "without invading the Sethis' Fifth Amendment privilege." (Resp. at 5.) The SEC's reliance on *Reliable Truck* – an opinion from another court in this district – for this proposition, however, is misplaced. In *Relaible Truck*, the court concluded that an attorney could sign an answer to a complaint after formulating answers with the relevant corporate officers who "would merely be providing information on behalf of the corporation and they would be doing so without fear of personal incrimination." 1989 WL 32923 at *2. The court stated that the "signature of [defendant's] counsel would merely denote the answer was filed on behalf of the corporation and met the requirements of Rule 11." *Id*. Here, the issue is not whether the Corporate Defendants can answer the Complaint but whether they must respond to interrogatories and requests for admission. As explained by another court in this district, "the act of verifying interrogatories on behalf of the companies is testimonial in nature and raises Fifth Amendment concerns." *Central States*, 1998 WL 413490 at *4. Indeed, in *Central States*,

the court required the defendants to appoint an agent – such as the corporation's attorney – to respond to and verify interrogatories. *Id*. The court, however, stated that the defendants could object to the interrogatories to the extent that the appointed agent would need "to consult the knowledge of insulated witnesses." *Id*. at *5. The court further provided that "[i]n the event that none of these individuals can verify the interrogatories without incriminating himself, a protective order under Rule 26(c) may be issued upon motion by the third-party defendants." *Id*. Here, the Corporate Defendants have objected to all of the SEC's discovery requests on Fifth Amendment grounds, without attempting to appoint an agent who may be able to answer certain requests without implicating the Sethis' Fifth Amendment rights.

The SEC contends, for example, that the responses to SEC's interrogatories Nos. 1-5 to ACCC[2] – which ask ACCC to identify contracts, consultants and permits obtained by ACCC – "can be obtained from corporate records – *i.e.*, contracts, correspondence, and permits – in ACCC's possession as well as interviews of corporate officers and former employees." (Resp. at 6.) The Court agrees, in part. The Corporate Defendants' agent must respond to these requests to the extent that he or she can respond by gathering such documents and records. *Central States*, 1998 WL 413490 at * 4. Again, however, the SEC fails to provide any legal basis for requiring the Corporate Defendants' agent to interview former employees who are outside of the Corporate Defendants' control.

The SEC further argues that the information necessary to respond to interrogatories Nos. 6-13 to ACCC – which ask ACCC to describe the factual bases for the statements in the Corporate Defendants' Offering Memorandum – "is within the ACCC's possession and the Corporate Defendants offer no

---

[2] In their motion, the Corporate Defendants state that "[b]ut for the name of the responding party, Defendant IRCTC's responses to the SEC's First Set of Interrogatories and the SEC's First Set of Requests for Admission are identical to those of ACCC." (Mot. at 2, n. 1.). The SEC, however, served different sets of interrogatories and requests for admissions on ACCC and IRCTC which differ substantively. *Compare* R. 601-1, Ex. A with R. 601-3, Ex. C; *compare* R. 601-2, Ex. B with R. 601-4, Ex. D. The Corporate Defendants, at times, refer to interrogatory and request for admissions by number without specifying whether they correspond with requests to ACCC or IRCTC. (*See, e.g.,* Mot. at 2.) Based on context, the Court believes that these references relate to requests to ACCC. The Court, however, analyzes the requests served on each Defendant.

justification for their refusal to produce it in discovery." (Resp. at 6.) As explained by the Corporate Defendants, however, their counsel-agent would not be able to verify the basis of these statements without consulting with the Sethis, who are the only people who would know if the ACCC's prior statements were true. (Reply at 5.) Similarly, the counsel-agent would not be able to obtain the factual bases for the statements included in the interrogatories Nos. 3-7 to IRCTC without consulting the Sethis or former employees not within IRCTC's control. The agent also may not be able to determine all the persons "who participated in authoring SEC Exhibit 122" as requested in interrogatory No. 14 to ACCC. By comparison, the Corporate Defendants' counsel-agent should be able to respond to requests for admission Nos. 2-5 to ACCC, which ask ACCC to admit a statement regarding whether certain entities had executed franchise agreements to locate at the building site at issue in the case.[3] Indeed, the Court agrees with the SEC that "ACCC either had executed agreements with [these entities] to locate at this site, or it did not," and a review of the records would indicate whether such agreements exist. (Resp. at 6.) Similarly, the Corporate Defendants' agent-counsel should be able to refer to corporate records to respond, at least in part, to requests for admission Nos. 6-21 to ACCC and requests for admission to IRCTC Nos. 3, 6, 7, 13-16, 18, 20-26, and 30 based on such a review. The agent-counsel may also be able to determine whether certain corporate records are genuine and, therefore, respond to the SEC's requests for admission to the Nos. 1, 22-25 to ACCC and requests for admission Nos. 1, 2, 4, 5, 17, 19, 27-29, and 31 to the IRCTC. Contrary to the SEC's contentions, however, the Corporate Defendants' agents may not be able to identify the author of specific communications, in response to interrogatories Nos. 1 and 2 to IRCTC and interrogatory No. 13 to ACCC, by a review of records. (Resp. at 6.) The agent-counsel would also not be able to respond to request to admit No. 32 to the IRCTC – which asks

---

[3] The Court notes that the requests for admission Nos. 3, 5, 9, 11, 13, and 15 to ACCC seek admissions regarding whether certain statements are misstatements of "material facts," which is a legal concept. (R. 100-2, Ex. B.) Corporate Defendants only objected to these requests on Fifth Amendment grounds. The Court does not address the general propriety of the SEC's discovery requests here. The Court only addresses the Fifth Amendment concerns and objections before it.

IRCTC to admit whether it knew a document was not genuine when it submitted it – without obtaining verification from the Sethis.

The Court, therefore, directs the Corporate Defendants to appoint an agent – such as corporate counsel – to review all documents and records relevant to the SEC's requests. Consistent with this Opinion, the agent should respond to every interrogatory and request for admission which he can based on his review of corporate documents and records or information he can obtain from corporate sources other than discussions with the Sethis.

## II.    Document Requests

The Corporate Defendants object to Document Request Nos. 8, 16, 24-25, 29, 40-42, and 43 for two reasons: (1) these requests seek documents personal to Anshoo Sethi, and (2) the sole source of any responsive corporate documents is one or both of the Sethis, who have exercised their Fifth Amendment rights. (Mem. at 3-4, 9.)

First, the SEC does not seek documents personal to Anshoo Sethi, but instead seeks documents related to Anshoo Sethi's corporate role. The document requests are narrowly tailored to only documents in connection with the project at issue, even though they seek documents from Anshoo Sethi's American Online email address – which he used for corporate purposes – in addition to his corporate email accounts. Indeed, the Corporate Defendants concede that "[i]t is unlikely (though not impossible) that a document that relates to the project will be anything but a corporate record." (R. 120, Resp. to Mot. to Comp. at 3.) The Corporate Defendants further concede that, "[s]ubject to this Court's determination of the 'Sole Source' objection they have asserted, the Corporate Defendants will produce all records – irrespective of the email account – responsive to the specified document requests created by Corporate Defendants' officers and employees while acting in a representative capacity." (R. 118, Defs.' Reply at 6.)

8

Second, the Corporate Defendants' "Sole Source" objection fails because the SEC's document requests do not implicate the Sethis' Fifth Amendment rights. Indeed, because corporations are not protected by the Fifth Amendment, they "[have] no right to refuse to submit [their] books and records in a civil proceedings." *Central States*, 1998 WL 413490 at *3. If the Sethis produced documents in response to these document requests, it would be done in their representative capacity, and therefore "the act is deemed one of the corporation and not the [Sethis as] individual[s]." *Braswell v. United States*, 487 U.S. 99, 118, 108 S. Ct. 2284, 101 L. Ed. 2d 98, (1988); *see also Central States*, 1998 WL 413490 at *3.

In *Braswell*, the Supreme Court explained that the government could not introduce evidence before the jury that a corporate custodian produced documents, yet the jury could reasonably infer that the custodian had possession of the documents or knowledge of their contents. *Id*. Notably, the Supreme Court in *Braswell* stated that it would

> leave open the question whether the agency rationale supports compelling a custodian to produce corporate records when the custodian is able to establish, by showing for example that he is the sole employee and officer of the corporation, that the jury would inevitably conclude that he produced the records.

*Id*. The Corporate Defendants refer to this dicta as the "Sole Source" doctrine or exception. Neither the Seventh Circuit nor the Supreme Court has resolved this "open question," however, or carved out any "Sole Source" exception. Significantly, the only case which Corporate Defendants cite in their reply – to dispute the SEC's argument that they cited no cases to support a "Sole Source" exception – merely states, in a footnote, that *Braswell* "does *suggest* that there *may* be some instances where the distinction between a custodian's corporate capacity and individual capacity is so blurred that the custodian's production would violate his individual Fifth Amendment rights." (Defs.' Reply at 7 (quoting *Med. Inc. v. Gillespie*, No. 06-3195, 2006 WL 3791339, at *1, n.1 (E.D. Pa. Dec. 21, 2006).) Notably, Corporate Defendants do not cite a single case where any court has applied this purported "exception."

9

Furthermore, other courts in this circuit have concluded that a corporation must produce records and documents even if a corporate officer who possesses those documents has asserted his Fifth Amendment Rights. In *Central States*, for example, the court concluded that "the sole shareholder, sole employee and sole officer of the companies of the [defendant corporations], was obligated to produce the companies' corporate records upon proper demand." 1998 WL 413490 at *3. Similarly in *Hewitt Associates, LLC v. Zerba*, the court rejected the argument that a corporation did not need to turn over documents because it would implicate the Fifth Amendment rights of its owner and sole shareholder. No. 96 C 2428, 1996 WL 734716, at *2 (N.D. Ill. Dec. 19, 1996). Although, unlike here, the corporate officer in *Hewitt* was not the only employee of the corporation, this fact was not dispositive for the court's analysis. *Id.* Rather, the court stated that document product does not implicate the Fifth Amendment "no matter how small the corporation may be." *Id*; *see also Bellis v. United States,* 417 U.S. 85, 100, 94 S. Ct. 2179, 40 L .Ed. 2d 678 (1974). Additionally, in *Wachovia Secs., LLC v. Neuhauser,* the court stated that "a custodian of corporate records cannot refuse to produce those documents, even if those documents would incriminate him or her." No. 04 C 308, 2011 WL 1465653, at *3 (N.D. Ill. Apr. 18, 2011). The Sethis, as corporate officers, therefore, must produce even potentially incriminating corporate documents. The Court denies the Corporate Defendants' motion for protective order regarding the SEC's document requests and grants the portion of the SEC's motion to compel regarding corporate records consistent with the Court's ruling below.

**III.    The SEC's Motion to Compel**

The SEC moves the Court to compel the Corporate Defendants and Anshoo Sethi ("Mr. Sethi") (collectively, "Defendants") to produce responsive documents to the SEC's First and Second Set of Requests for Production. The Court's ruling on the Corporate Defendants' motion for a protective order also disposes of the SEC's motion to compel as to the Corporate Defendants' Fifth Amendment

objections. Regarding the requests and issues not addressed above, the SEC argues that (1) Mr. Sethi has improperly asserted a blanket Fifth Amendment privilege in response to all the document requests; and (2) Defendants have improperly refused to produce documents seized pursuant to a search warrant. The Court addresses each argument in turn.

### A. Mr. Sethi's Assertion of the Fifth Amendment

Mr. Sethi asserted his Fifth Amendment privilege against self-incrimination in response to each of the SEC's document requests. (*See* R. 109-1, Ex. A; R. 109-2, Ex. B.) The SEC argues that this "blanket assertion of privilege is improper." (Mot. to Comp. at 2.) Furthermore, the SEC contends that the documents, which "were prepared on a wholly voluntary basis[] *before* the SEC's case was even filed" are not "compelled" for purposes of the Fifth Amendment. (*Id*. at 3.) The SEC, therefore, moves the Court for an "order compelling [Mr.] Sethi to produce all responsive documents and a privilege log with sufficient detail to substantiate any claim of privilege." (*Id*. at 5.)

First, regarding personal rather than corporate documents, Defendants concede that "the universe of personal documents here at issue here likely will be limited" and that "it is likely that the SEC's motion to compel will be moot (or close to moot) on this point." (R. 120, Resp. to Mot. to Comp. at 3.) According to Defendants, it is "unlikely (though not impossible) that a document that relates to the project will be personal to Mr. Sethi, *i.e.*, not created or received by Mr. Sethi in his corporate capacity." (*Id*.) Indeed, as discussed above, and recognized by Defendants, the SEC tailored its requests to obtain documents related to the project at issue. Because the SEC's requests target corporate documents, which, as explained above, the Corporate Defendants must produce even if they incriminate Mr. Sethi, Mr. Sethi's objections on Fifth Amendment grounds as to these corporate documents are moot. If, in the unlikely event there are additional responsive personal documents that could potentially incriminate Mr. Sethi, Mr. Sethi may invoke his Fifth Amendment privilege to these documents. Indeed, the SEC does

11

not contest that Mr. Sethi may have a Fifth Amendment right to refuse to produce incriminating personal documents. If personal responsive documents exist, Mr. Sethi must produce a privilege log for those documents which he claims are covered by his Fifth Amendment privilege on or before August 26, 2013.

> B. **Documents Seized Pursuant to a Search Warrant**

The SEC has requested "a copy of all documents seized from [Mr. Sethi and the Corporate Defendants] by the Federal Bureau of Investigation in connection with any search warrant." (R. 109-2, Ex. B, Sethi's Resp. at 2; R. 109-3, Ex. C, Corp. Defs.' Resp. at 3.) Mr. Sethi objected to this request on Fifth Amendment grounds. (Ex. B, Sethi's Resp. at 2.) As discussed above, Mr. Sethi cannot invoke his Fifth Amendment privilege regarding corporate documents he must produce in his representative capacity. The Corporate Defendants objected because they do not have possession, custody, or control over these documents and because the request "is overly broad and unduly burdensome and thus seeks documents that are irrelevant to any claim or defense in this case." (Ex. C, Corp. Defs.' Resp. at 3.) Defendants further argue that this request is moot because the U.S. Attorney's office has informed Defendants that it would produce the seized documents to them and the SEC simultaneously. According to the SEC, however, the U.S. Attorney's office has made only "some materials" available to the SEC and "there is no indication that the U.S. Attorney's office will make available to the SEC all materials seized from the Defendants." (R. 131, SEC's Reply at 3.)

The Court agrees with the SEC that Defendants have not met their burden of demonstrating that this discovery request is irrelevant. At most, Defendants only have asserted that it is "quite possible" that the "FBI seized a broader swatch of documents" than just those relevant to this case. (Defs.' Resp. at 3.) Defendants also attempt to shift the burden to the SEC by stating that the "SEC cannot know the scope of documents seized and thus whether the documents seized are relevant to this lawsuit." (*Id.*) It

is Defendants, not the SEC, who would know what documents the FBI seized, and who have the burden of demonstrating that the SEC's request for these documents is improper. *See John Wiley,* 2013 WL 505252 at *3. The Court, therefore, directs Defendants to produce non-privileged documents responsive to these requests to the extent they are in their possession, custody, and control.

## CONCLUSION

The Court denies the Corporate Defendants' motion for protective order regarding the SEC's document requests and grants the portion of the SEC's motion to compel regarding corporate records consistent with the Court's ruling on the SEC's motion to compel. Regarding the Corporate Defendants' motion as to interrogatories and requests for admission, the Court directs the Corporate Defendants to appoint an agent – such as corporate counsel – to review all documents and records relevant to the SEC's requests. This agent should respond to every interrogatory and request for admission which he can based on his review, or information he can obtain from corporate sources other than discussions with the Sethis, and Defendants should produce documents, consist with this order, on or before August 26, 2013.

**DATED: August 5, 2013**

                                              **ENTERED**

                                              **AMY J. ST. EVE**
                                              **United States District Court Judge**