UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 13-cv-982 <br><br> Honorable Judge Amy J. St. Eve <br> Magistrate Judge Mary Rowland |
| Plaintiff, | | |
| v. | | |
| A CHICAGO CONVENTION CENTER LLC, ANSHOO R. SETHI, and INTERCONTINENTAL REGIONAL CENTER TRUST OF CHICAGO, LLC, | | |
| Defendants. | | |

### REPLY OF INTERVENORS' JANE DOES "A" THROUGH "N" SUPPORTING THEIR MOTION TO INTERVENE

Intervenors, Jane Does "A" through "N" ("Proposed Intervenors"), by and through their counsel, file this reply in support of their motion to intervene in the instant action.

In its opposition brief ("Response"), Plaintiff, the United States Securities and Exchange Commission ("SEC") argues four points against the proposed intervention. First, the SEC argues that Proposed Intervenors are barred from intervention by Section 21 (g) of the Exchange Act which provides in relevant part that "no action for equitable relief instituted by the Commission pursuant to the securities laws shall be consolidated or coordinated with other actions not brought by the Commission" 15 U.S.C. § 78u(g). See Response pgs. 1-2 and 5-8. Additionally, the SEC argues that the Proposed Intervenors cannot establish three of the four elements necessary to intervene as a matter of right under FRCP 24(a). See Response pgs. 9-12.

Proposed Intervenors were each fraudulently induced to wire a $500,000 ("Investment") plus a $41,500 administrative fee ("Administrative Fee") to two separate Defendant U.S. bank

accounts at SunTrust Bank in Richmond, VA. (See Document No. 3-4, Exh. C, Subscription Agreement Wiring Instructions) Defendants represented that the Investment would be funding a USCIS approved project, and as a result the Proposed Intervenors and others would be able to file for a provisional visa under the terms of the EB-5 program. The Investment has been returned to the Proposed Intervenors. However, the Administrative Fees have not been returned. Significantly, while the SEC speaks to its intended actions with respect to the Administrative Fees in its Response, it did not adequately address the Administrative Fees in the allegations of the Complaint. Indeed, while the SEC references the Administrative Fees in paragraph 52 of its Complaint, the remainder of the Complaint is silent on the Administrative Fees or remedies the SEC seeks with respect to such fees. See Doc. No. 3. It is in great measure it is the foregoing failings that triggered the decision to move for intervention on the part of the Proposed Intervenors. See Doc. No. 3.

The Administrative Fee of $41,500 was to be used for certain defined expenses. Significantly, the Administrative Fee was to be returned if the Offering was terminated or if the Proposed Invervenor's I-526 or visa application was rejected. (See Document 3-3, pg. 56, Exh. A to Complaint) According to the Offering Memorandum fees may be kept and used for the following: (1) legal, escrow and related expenses; (2) to reimburse the Managing Member and the LLC for the expenses of the offering; (3) to pay the Managing Member's fees; (4) to compensate the Managing Member for its efforts associated with setting up the LLC and conducting the offering; and (5) for marketing expenses or other fees to one or more consultants, brokers, public relation managers, investment advisors, or other parties in connection with the sale of interests pursuant to the offering. (Document No. 3, Complaint ¶ 51 and Exhibit A to Complaint).

The Proposed Intervenors are persons on whose behalf the SEC seeks relief. They have an interest in the return of the Administrative Fee each has paid. To the extent the SEC focused

2

its resources on the Investment rather than the Administrative Fees, the Proposed Intervenors have an interest in refocusing the SEC on the Administrative Fees marshalling and redistribution to the Proposed Intervenors and others.

I.    **Proposed Intervenors Are Not Statutorily Barred From Intervention.**

The SEC argues that Section 21(g) bars intervention by the Proposed Intervenors. However, the SEC concedes that the foregoing statute makes no reference to "intervention" and it further concedes that courts have allowed intervention citing *SEC v. Flight Trans. Corp.*, 699 F.2d 943, 950 (8th Cir. 1983); *SEC v. Kings Real Estate Inv. Trust*, 222 F.R.D. 660, 671 (D. Kan. 2004); *SEC v. Credit Bancorp., Ltd.* 194 F.R.D. 457, 465, 467 (S.D.N.Y 2000) *SEC v. Prudential Securities, Inc*., 171 F.R.D. 1, 3-5 (D.D.C. 1997) See Response pgs. 6-7.

The SEC attempts to distinguish the cases that allowed intervention from the case at bar by stating that the Proposed Intervenors are not "creditors of the Defendants who seek to intervene to protect assets that could be impaired…" See Response pg. 7. It is hard to understand this argument. Contrary to the contention of the SEC, it is difficult to identify the Proposed Intervenors as anything <u>other</u> than creditors who seek to protect assets. Again, to the extent the SEC demonstrated by the allegations in its Complaint that its focus was the Investment and not the Administrative Fee, a legitimate argument can be made that an impairment of the right to recover the Administrative Fees can or would result. The instant case is very similar to *SEC v. Flight Trans. Corp.*, 699 F.2d 943, 950 (8th Cir. 1983) where intervention was allowed for a customer creditor of the defendants to protect the intervenor's interest in seized property.

Plaintiff also argues that the Proposed Intervenors seek a recovery "separate and apart from the SEC." See Response, pg. 8. Plaintiff mischaracterize what is sought. The Proposed Intervenors do not seek any recovery separate and apart from the SEC's complaint, and as

such, are not seeking to "coordinate" or "consolidate" any separate claims or actions against the Defendants with the SEC's action. Proposed Intervenors seek to advocate their interest in how the marshaled assets are distributed. Rather than seeking to either consolidate or coordinate any independent cause of action with the SEC's action, the Proposed Intervenors seeks only to be in a position to advocate their ownership interest in the assets or alternatively their creditor interests.

The conclusion should be that intervention is not statutorily barred and the motion to intervene be granted.

## II. Proposed Intervenors Are Entitled To Intervene As Of Right Under Fed. R. Civ. P. 24(a)(2).

A party seeking to intervene as a matter of right must show that it meets four requirements: (1) timeliness, (2) an interest relating to the subject matter of the main action, (3) at least potential impairment of that interest if the action is resolved without the intervenor, and (4) lack of adequate representation by existing parties. *Reid L. v. Illinois State Bd. of Educ.*, 289 F.3d 1009, 1017 (7th Cir. 2002). The SEC concedes that the Proposed Intervenors have an interest relating to the subject matter of the pending case and therefore meet the second requirement. The SEC argues however that the Proposed Intervenors fail to meet elements 1, 3 and 4 as cited.

### A. Proposed Intervenors have timely moved to intervene.

Contrary to the assertions of the Plaintiff the pending motion to intervene is timely. While temporary injunctive relief has been granted, no trial or other evidentiary hearings on the merits of the claims alleged in the complaint have been conducted. Discovery is open until October 31, 2013 (See Document No. 49) and the Proposed Intervenors have represented in the pending motion that they will not disturb the Courts scheduling of discovery and believe an exchange of

4

information of already completed discovery would be sufficient. See Doc. No. 128 pg. 5-6.

Looking at the "totality of the circumstances" the timeliness requirement for intervention has been fulfilled. *Shea v. Angulo*, 19 F.3d 343, 348 (7th Cir.1994).

**B.     Proposed Intervenors interests could be irreparably impaired.**

Plaintiff also argues that Proposed Intervenors "have failed to show how any interest of theirs could be impaired absent intervention." See Response pg. 10. Yet, Plaintiff disregard the case law as to what constitutes a "showing" of impairment. The requisite showing is "minimal," *Zurich Capital Markets* 236 F.R.D at 387. Indeed, the Proposed Intervenors must show only that impairment of their interests is possible if intervention is denied. *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1253 (10th Cir. 2001).

As stated in their memorandum supporting intervention, Proposed Intervenors argue that it is likely that the only assets of the Defendants are those marshalled by the SEC in the instant case. Based upon *SEC v. Flight Transportation Corporation*, *supra,* where intervention was granted because the Defendant Corporation had no assets other than the monies which the SEC sought to have disgorged to defrauded investors, intervention is appropriate.

Additionally, the decisions arising out of this action could "as a practical matter foreclose rights of the proposed intervenors in a subsequent proceeding." *Zurich Capital Markets* 236 F.R.D. at 386. Given that all the assets of Defendants are probably before this Court, its decision on what to do with the marshalled assets will be binding on the Proposed Intervenors.

It is submitted that under the standards articulated in applicable case law, the potential of impairment of Proposed Intervenors rights has been established.

**C.     Proposed Intervenors interests are not adequately represented.**

The SEC argues that it adequately represent the Proposed Intervenors interests. However,

as previously stated, while the SEC speaks to its intended actions with respect to the Administrative Fees in its Response, its Complaint contains no such communicate of its intended actions. Paragraph 52 of its Complaint references the Administrative Fees but the remainder of the Complaint is silent on the Administrative Fees or remedies the SEC seeks with respect to such fees. See Doc. No. 3. A genuine questions exists as to adequate representation in these circumstances.

Case law posits that a Court should permit intervention "if the applicant shows that representation of his interest *may* be inadequate; and the burden of making that showing should be treated as minimal." *Lake Investors Dev. Group*, 715 F.2d at 1261 (citing *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972)).

While the Proposed Intervenors must also demonstrate some type of conflict between its objectives and that of the SEC, such is demonstrated by the previously identified allegations, or absence of allegations in the Plaintiff's Complaint. See *Meridian Homes Corp. v. Nicholas W. Prassas & Co.*, 683 F.2d 201, 205 (7th Cir. 1982).

## **CONCLUSION**

"In evaluating the motion to intervene, the district court must accept as true the non-conclusory allegations of the motion and cross-complaint," and should not dismiss the motion "unless it appears to a certainty that the intervenor is not entitled to relief under any set of facts which could be proved under the complaint." *Lake Investors Dev. Group, Inc. v. Egidi Dev. Group,* 715 F.2d 1256, 1258 (7th Cir. 1983). This Court should grant Proposed Intervenors motion to intervene as of right. A proposed Complaint in Intervention is attached as Exhibit A.

7

Dated: August 31, 2013                      Respectfully submitted,

                                            s/Michael Lee Tinaglia
                                            An Attorney for Intervenors,
                                            Jane Does "A" through "N"

Michael Lee Tinaglia
Law Offices of Michael Lee Tinaglia, Ltd.
444 N. Northwest Highway
Suite 350
Park Ridge, Illinois 60068
ARDC No. 2835886
(847) 692-0421 *Telephone*
(847) 685-8440 *Facsimile*
[mltinglia@tinaglialaw.com](mailto:mltinglia@tinaglialaw.com)

## **CERTIFICATE OF SERVICE**

  The undersigned, an attorney, hereby certifies that on August 31, 2013, a true and correct copy of the foregoing Reply in support of intervention was filed with the Clerk of the Court for the United States District Court, Northern District of Illinois, using the CM/ECF system, which will send notification of such filing to the all parties of record.

            /Michael Lee Tinaglia
            Attorneys for Intervenors,
            Jane Does "A" through "N"

Michael Lee Tinaglia
Law Offices of Michael Lee Tinaglia, Ltd.
444 N. Northwest Highway
Suite 350
Park Ridge, Illinois 60068
ARDC No. 2835886
(847) 692-0421 *Telephone*
(847) 685-8440 *Facsimile*
mltinglia@tinaglialaw.com