IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | No. 13 C 982 |
| v. | ) ) | |
| A CHICAGO CONVENTION CENTER, LLC, ANSHOO SEHTI, and INTERCONTINENTAL REGIONAL CENTER TRUST OF CHICAGO, LLC, | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

The Court denies Jane Does A to N's motion to intervene [126].

## STATEMENT

On July 18, 2013, Jane Does "A" through "N" (the "Proposed Intervenors") filed a motion to intervene in the pending suit. (R. 126, Mot., R. 128, Mem.) According to the Proposed Intervenors, they "were each fraudulently induced to wire a $500,000 ('Investment') plus a $41,500 administrative fee ('Administrative Fee') to two separate Defendant U.S. bank accounts at SunTrust Bank in Richmond, VA" as part of the fraud alleged in this case. (*Id.* at 2.) The Proposed Intervenors have had their Investments returned, but not their Administrative Fees. (*Id*.) They seek to intervene in the pending case because they allegedly "have an interest in ensuring that the relief granted is structured so as to maintain and not prejudice their rights" and because they are "creditors of the Defendants with an interest in the frozen assets." (*Id.* at 4.) The Securities and Exchange Commission ("SEC") objects to their intervention. (R. 139, Resp.) For the following reasons, the Court denies the motion to intervene.

## ANALYSIS

The Proposed Intervenors "seek to intervene in this action as of right under Federal Rule of Civil Procedure 24(a)(2) to protect their interest in the recovered assets." (Mem. at 4.) Specifically, they contend that they have a right to intervene because they have an interest in the return of the Administrative Fees that they have paid which the SEC will not adequately protect. Plaintiff United States Securities and Exchange Commission ("SEC") argues that (1) Section 21(g) of the Exchange Act bars intervention and (2) the Proposed Intervenors cannot intervene as of right under Rule 24(a).

Section 21(g) of the Exchange Act provides, in relevant part:

no action for equitable relief instituted by the Commission pursuant to the securities laws shall be consolidated or coordinated with other actions not brought by the Commission, even though such other actions may involve common questions of fact, unless such consolidation is consented to by the Commission.

15 U.S.C. § 78u(g). The parties acknowledge that courts have interpreted Section 21(g) divergently, in part because the statute does not specifically mention "intervention," with some courts allowing intervention and others finding that Section 21(g) precludes it. (*See, e.g.,* R. 139, Resp. at 6; R. 156, Reply at 3.) The Court need not resolve this issue here, however, because, even if the Court were to determine that Section 21(g) did not bar the Prosposed Intrevenors' intervention, it would still deny their motion because they have not established that they can intervene as of right.

Pursuant to Rule 24(a)(2) a "party may seek intervention as of right if the party has an interest and is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties. *Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 773 (7th Cir. 2007) (citing Fed. R. Civ. P. 24(a)(2)). To intervene as of right, a party must establish that (1) its motion to intervene was timely; (2) it possess an interest related to the subject matter of the action; (3) disposition of the action threatens to impair that interest; and (4) the parties fail to represent adequately its interest." *Id*. The SEC concedes that the "Proposed Intervenors may possess an interest related to the subject matter of the SEC's enforcement action," but argues that they cannot establish the other elements required to intervene as of right. (Resp. at 9.) The Court need not address the first and third requirements because the Proposed Intervenors have not established that the parties fail to adequately represent their interests.

The Proposed Intervenors argue that the parties do not sufficiently represent their interests because the SEC's purpose is to protect the public, rather than the Proposed Intervenors. (Mem. at 9.) The SEC, however, contends that it "seeks to vindicate the same rights the Proposed Intervenors speculate could be impaired absent their intervention." (Resp. at 13.) Indeed, as noted by the SEC, the Proposed Intervenors and other investors have already recovered their Investments because of the SEC's actions. The SEC's Complaint also seeks an order requiring Defendants "to return to the United States any investors' funds that have been transferred abroad," which the SEC explains includes proceeds of investors' administrative fee payments, "to preserve such assets for the satisfaction of disgorgement." (R. 1, Compl. ¶ VI); Resp. at 13. The Complaint also seeks an order requiring Defendants "to disgorge the ill-gotten gains received as a result of the violations" alleged, which, the SEC explains, would include investors' administrative fees. (*Id.* ¶ VII); Resp. at 13. Although the Proposed Intervenors contend that these prayers for relief are not sufficient to indicate that the SEC will protect their interests as they do not specifically reference the Administrative Fees, the Court disagrees. Indeed, because the SEC is a "governmental body charged by law with protecting the interests of the [P]roposed [I]ntervenors [they are] presumed to adequately represent their interests unless there is a showing of gross negligence or bad faith." *Wisconsin Educ. Ass'n Council v. Walker*, 705 F.3d 640, 659 (7th Cir. 2013) (citing *Ligas*, 478 F.3d at 774). The Proposed Intervenors do

not allege any gross negligence or bad faith on the part of the SEC. Further, the SEC's attorney has remained professional throughout this case. The Proposed Intervenors, therefore, have not established that the SEC will not adequately represent their interests to necessitate intervention.

## CONCLUSION

For the foregoing reasons, the Court denies the motion to intervene.

Date:   September 11, 2013          _____
                                     AMY J. ST. EVE
                                     United States District Court Judge