UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION ) ) ) | |
| Plaintiff, ) | Civil Action No. 13-cv-982 |
| ) | |
| v. ) | |
| ) | Honorable Judge Amy J. St. Eve |
| A CHICAGO CONVENTION CENTER, LLC, ANSHOO SETHI, and INTERCONTINENTAL REGIONAL CENTER TRUST OF CHICAGO, LLC ) ) ) ) | |
| ) | |
| Defendants. ) ) | |

**FINAL JUDGMENT AS TO DEFENDANTS A CHICAGO CONVENTION CENTER, LLC, ANSHOO SETHI, AND INTERCONTINENTAL REGIONAL CENTER TRUST OF CHICAGO, LLC**

The Securities and Exchange Commission (SEC) having filed a Complaint and Defendants A Chicago Convention Center, LLC (ACCC); Anshoo Sethi; and Intercontinental Regional Center Trust of Chicago, LLC (IRCTC) (collectively the "Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements

                made, in light of the circumstances under which they were made, not misleading; or

(c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are restrained and enjoined for a period of twenty (20) years from the date of this Final Judgment from offering or selling securities issued by Defendants or by any entity that is owned or controlled by Defendant Sethi, such that Defendant Sethi possesses greater than 5% of the entity's securities, or has the practical ability to direct the actions of the entity's management or policies, through ownership of voting securities, by contract, or otherwise.

### IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that within fourteen (14) days of service upon them of a copy of this Final Judgment, each of the financial institutions holding assets frozen pursuant to the Asset Freeze Order (Docket No. 14) entered in this case, including, but not limited to, Cathay Bank (Account #73720617 and #73724874); Parkway Bank & Trust Co. (#332968 and #2291789); Pacific Global Bank (#2110534); SunTrust Bank (#1000144670659); PNC Bank (#4645247797); HSBC Shanghai (#741076491050 and #501076491406) and HSBC Hong Kong (#043-448174-888), shall pay to the SEC all frozen assets as set forth in Section V below. The Defendants are also hereby ordered to take any steps necessary to affect the transfer of funds held in the above-referenced accounts to the SEC as required herein. The SEC shall credit those assets upon receipt as payments towards the disgorgement and prejudgment interest amount set forth in Section V

below. Otherwise, the Asset Freeze Order (Docket No. 14) shall remain in effect until the closing of a sale ("Land Sale") of that parcel of real property located at 8201 West Higgins Road, Chicago, IL 60631 (the "Real Property"), except as the Court may further Order. Subject to notice to the SEC and an opportunity to object, and subject to approval by Magistrate Judge Rowland, the Defendants may take interim steps to secure and enhance the value of the Real Property in preparation for the Land Sale.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are jointly and severally liable for disgorgement of $11,524,254, representing proceeds of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $169,060.74. The disgorgement amount represents administrative fees that investors paid to the Defendants. Defendants contend that pursuant to written agreements between the Defendants and the investors' representatives, a significant portion (approximately $5.7 million) of the proceeds of the administrative fees received by the Defendants were then forwarded to the investors' representatives as refundable commissions or fee payments. Due to the termination of the offering, the investors' representatives are obligated per contractual agreements to return the refundable commissions/fee payments of approximately $5.7 million, or to credit and/or rollover these commission payments back to each of their relevant investors. Defendants represent that they have sent written notice to the relevant investors' representatives concerning their contractual obligations to return the refundable commissions to relevant investors. Defendants are entitled to offset the disgorgement amount by the amount of these commission credits and/or rollovers, and to have the prejudgment interest amount recalculated based on the revised disgorgement amount, only to the extent that the Defendants can

4

demonstrate to the satisfaction of Magistrate Judge Rowland the amounts that were actually returned to or credited back to each individual investor by the relevant investors' representatives. Within three months of the closing of the entire parcel of real property in the Land Sale (which shall be inclusive of a short sale or foreclosure sale), Defendants shall provide documentary evidence satisfactory to Magistrate Judge Rowland to identify the investors and the specific amounts credited or returned to each investor to support the amount of the disgorgement credits, rollovers and/or offsets due to the Defendants and any recalculation of prejudgment interest. Magistrate Judge Rowland's findings concerning the amount of commissions returned to or credited to investors and corresponding findings concerning the disgorgement offset to which the Defendants are entitled and any recalculation of prejudgment interest shall be governed by Federal Rule of Civil Procedure 72(a) and 28 U.S.C. §626(b) and become final unless a party timely objects within fourteen (14) days of the date of issuance of Magistrate Judge Rowland's findings. The SEC shall submit an Amended Final Judgment consistent with the District Court's, or if no objections are filed, with Magistrate Judge Rowland's findings concerning the disgorgement offsets, rollovers and/or credits to which the Defendants are entitled and any recalculation of prejudgment interest. The proceeds of the Land Sale shall be held in escrow and until such time as a final calculation of the disgorgement credits, rollovers and/or offsets is made by the Court.

If the Land Sale does not occur within one-year of entry of this Final Judgment, the Defendants shall provide a status report to the Court and SEC detailing the Defendants' efforts to sell the Property. The SEC may then, upon good cause shown, petition the Court to order the Defendants to take other steps to sell the Property.

Defendants are liable to pay civil penalties individually in the following amounts

pursuant to Section 20(d) of the Securities Act and Section 21(d) of the Exchange Act [15 U.S.C. § 77t(d); 15 U.S.C. § 78u(d)]: Defendant ACCC is liable for a civil penalty of $1,450,000; Defendant Anshoo Sethi is liable for a civil penalty of $1,000,000; and Defendant IRCTC is liable for a civil penalty of $1,450,000.

These payment obligations shall be due and payable as follows: (1) the financial institutions listed in Section IV, above, shall pay the amounts held in the frozen accounts to the SEC within fourteen (14) days of service of this Final Judgment, and the SEC shall credit those amounts to the disgorgement and then to the prejudgment interest ordered to be paid; (2) upon entry of an Amended Final Judgment all net proceeds of the Land Sale (including all rollovers and/or credits to which the Defendants are entitled), following payment of the recorded mortgage, closing costs, and any bona fide liens and encumbrances, shall be applied first to any balance remaining on the disgorgement and prejudgment interest; then to Defendant Anshoo Sethi's civil penalty. Any remaining Land Sale proceeds shall then be paid to the SEC and deemed to satisfy ACCC's and IRCTC's civil penalties of $1.45 million each. Defendants shall be entitled to any amounts recovered in excess of the total disgorgement, civil penalties (including ACCC's and IRCTC's civil penalties of $1.45 million each), and prejudgment interest payable under the Amended Final Judgment, and reserve the right to present information to Magistrate Judge Rowland to prevent overpayment of returned fees to individual investors. Following the entry of an Amended Final Judgment, the managing members of ACCC and IRCTC shall promptly dissolve and wind up ACCC and IRCTC under Illinois law, and thereafter the liability of Defendant ACCC and Defendant IRCTC for payment of disgorgement, pre- or post-judgment interest, or civil penalties shall be extinguished.

Payments may be transmitted electronically to the Commission, which will provide

detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Payments may also be made by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>Enterprise Services Center
>Accounts Receivable Branch
>6500 South MacArthur Boulevard
>Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Defendants' names; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following the date of the Land Sale. Defendants shall pay post judgment interest on any delinquent amounts that remain due and owing after the Land Sale pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund

provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that Defendants are entitled to, nor shall Defendants further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: March 17, 2014

_____
Hon. Amy J. St. Eve
UNITED STATES DISTRICT JUDGE