UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>A CHICAGO CONVENTION CENTER, LLC, ANSHOO SETHI, and INTERCONTINENTAL REGIONAL CENTER TRUST OF CHICAGO, LLC<br><br>Defendants. | Civil Action No. 13-cv-982<br><br>Honorable Judge Amy J. St. Eve |

## CONSENT OF DEFENDANTS A CHICAGO CONVENTION CENTER, LLC, ANSHOO SETHI, AND INTERCONTINENTAL REGIONAL CENTER TRUST OF CHICAGO, LLC

1. Defendants A Chicago Convention Center, LLC; Anshoo Sethi; and Intercontinental Regional Center Trust of Chicago, LLC ("Defendants") acknowledge having been served with the complaint in this action, enter a general appearance, and admit the Court's jurisdiction over Defendants and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendants admit), Defendants hereby consent to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a)    permanently restrains and enjoins Defendants from violation of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R.

§ 240.10b-5] and Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)];

(b) orders Defendants jointly and severally to pay disgorgement in the amount of $11,524,254, plus prejudgment interest thereon in the amount of $169,060.74, subject to an offset for the amount of certain brokerage-commission credits and/or rollovers that defendants can demonstrate;

(c) extends the Court's Asset Freeze Order as to that parcel of real property located at 8201 West Higgins Road, Chicago, IL 60631 (the "Real Property") and listed for sale (the "Land Sale"); subject to notice to the SEC and an opportunity to object, and subject to approval by Magistrate Judge Rowland, the Defendants may take interim steps to secure and enhance the value of the Real Property in preparation for the Land Sale;

(d) orders Defendants individually to pay civil penalties in the following amounts under Section 20(d) of the Securities Act and Section 21(d) of the Exchange Act [15 U.S.C. § 77t(d); 15 U.S.C. § 78u(d)]: Defendant Sethi $1,000,000; A Chicago Convention Center, LLC $1,450,000 to be satisfied by paying all frozen assets and remaining Land Sale proceeds to the SEC and dissolving; and Intercontinental Regional Center Trust of Chicago, LLC $1,450,000 to be satisfied by paying all frozen assets and remaining Land Sale proceeds to the SEC and dissolving; and

(e) restrains and enjoins Defendants for a period of twenty years from offering or selling securities issued by Defendants or by any entity that is owned or controlled by Defendant Sethi, such that Defendant Sethi

possesses greater than 5% of the entity's securities, or has the practical ability to direct the actions of the entity's management or policies, through ownership of voting securities, by contract, or otherwise.

3. Defendants acknowledge that the civil penalty paid pursuant to the Final Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants agree that Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that Defendants are entitled to, nor shall Defendants further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendants agree that Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the complaint in this action.

4. Defendants agree that Defendants shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made

pursuant to any insurance policy, with regard to any civil penalty amounts that Defendants pay pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendants further agree that Defendants shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendants pay pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5. Defendants waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6. Defendants waive the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

7. Defendants enter into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendants to enter into this Consent.

8. Defendants agree that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9. Defendants will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10. Defendants waive service of the Final Judgment and agree that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendants of its terms and conditions. Defendants further agree to provide counsel for the Commission,

within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendants have received and read a copy of the Final Judgment.

11.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendants in this civil proceeding. Defendants acknowledge that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendants waive any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendants further acknowledge that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendants understand that Defendants shall not be permitted to contest the factual allegations of the complaint in this action.

12.     Defendants understand and agree to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies

the allegations." As part of Defendants' agreement to comply with the terms of Section 202.5(e), Defendants: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendants do not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendants do not deny the allegations; and (iii) upon the filing of this Consent, Defendants hereby withdraw any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendants breach this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendants': (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13. Defendants hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendants to defend against this action. For these purposes, Defendants agree that Defendants are not the prevailing party in this action since the parties have reached a good faith settlement.

14. Defendants agree that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15. Defendants agree that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 3/17/2014                              _____
                                              Anshoo Sethi

On 3/17, 2014, Anshoo Sethi, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires: 8/7/17

*OFFICIAL SEAL*
*JULIE ROSE PAMBIANCO*
*NOTARY PUBLIC - STATE OF ILLINOIS*
*MY COMMISSION EXPIRES:08/07/17*

A CHICAGO CONVENTION CENTER, LLC

By: _____
[Name of person signing for entity]
[Title] Managing Member
[Address] 8201 W. Higgins Rd. Chicago, IL 60631

On 3/17/14, 2014, Anshoo Sethi, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of A Chicago Conv. Ctr. as its Managing Member.

_____
Notary Public
Commission expires: 8/7/17

*OFFICIAL SEAL*
*JULIE ROSE PAMBIANCO*
*NOTARY PUBLIC - STATE OF ILLINOIS*
*MY COMMISSION EXPIRES:08/07/17*

INTERCONTINENTAL REGIONAL CENTER TRUST OF CHICAGO, LLC

By: _____
[Name of person signing for entity]
[Title] Managing Member
[Address] 8201 W. Higgins Rd. Chicago, IL 60631

On 3/17, 2014, Anshoo Sethi, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of IRCTC as its Managing Member.

_____
Notary Public

*OFFICIAL SEAL*
*JULIE ROSE PAMBIANCO*
*NOTARY PUBLIC - STATE OF ILLINOIS*
*MY COMMISSION EXPIRES:08/07/17*

Commission expires: 8/7/17

Approved as to form:

_____
Counsel for Defendants